IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RONNIE HARRIS, PETITIONER

V. NO. 1:08CV223-D-D

DOLPH BRYANT, et al., RESPONDENT

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate currently in the custody of the Mississippi Department of Corrections and being housed at Parchman, files this matter pursuant to 28 U.S.C. § 2254. Petitioner complains that he did not receive credit for time spent in jail prior to his conviction. Petitioner is seeking equitable relief in the form of time toward the completion of his sentence and parole along with monetary damages. Noticeably absent from the pleadings, however, is any proof or allegation that Petitioner has presented his claim to the State's highest court.

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997)

(citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L.Ed.2d 686 (1996)).

If Petitioner is successful in the instant case he would clearly be entitled to accelerated release. Therefore, he must obtain habeas corpus relief before bringing suit pursuant to § 1983. A petition for a writ of *habeas corpus* is the appropriate vehicle to seek relief from the loss of earned time. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Even if the court elected to treat the complaint as a habeas corpus petition, there is no indication whatsoever that Petitioner has exhausted available state court remedies.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). An applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254] if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all his claims in state court prior to seeking federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Accordingly, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844.

Petitioner's complaint is premature. Before relief may be granted in a federal habeas petition under § 2254, he must exhaust available state court remedies. It is clear, Petitioner has not presented his claims to the State's highest court. Therefore, his Petitioner will be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the ____1st____ day of October, 2008.

/s/ Glen H. Davidson
SENIOR JUDGE
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI